```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
MILDRED SHAW,                                 :    CASE NO. 1:17-cv-685
                                              :
            Plaintiff,                        :
                                              :
     vs.                                      :    OPINION & ORDER
                                              :    [Resolving Docs. 45, 46, 47]
HILTON GARDEN INN, et al.,                    :
                                              :
            Defendants.                       :
                                              :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this opinion, the Court addresses whether it should tax costs to Plaintiff Mildred Shaw, the non-prevailing party in this litigation.

On September 18, 2017, Defendant Hotel 1100 Carnegie Opco LP prevailed on summary judgment in the underlying litigation.[1] On October 2, 2017, Defendant filed a motion for costs pursuant to Federal Rule of Civil Procedure 54(d)(1).[2] Plaintiff opposes.[3]

For the following reasons, the Court **DENIES** Defendant's motion for costs.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." There is a presumption in favor of awarding costs to a prevailing party,[4] and the non-prevailing party has the burden of overcoming the presumption.[5]

Nevertheless, district courts retain broad discretion to deny costs.[6]

---

[1] Doc. 43.
[2] Doc. 45.
[3] Doc. 46. Defendant replies. Doc. 47.
[4] *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986).
[5] *Banks v. Bosch Rexroth Corp.*, 611 F. App'x 858, 860 (6th Cir. 2015).
[6] *See Knology, Inc. v. Insight Comm. Co., L.P.*, 460 F.3d 722, 728 (6th Cir. 2006); *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001).

To determine whether costs should be denied to the prevailing party, the Court can consider "the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs."[7]

The Sixth Circuit has stated that Rule 54(d) allows the Court to address situations where "it would be inequitable under all the circumstances in the case to put the burden of costs upon the losing party."[8]

## II. ANALYSIS

The Court, in its discretion, concludes that Defendant is not entitled to their costs. Plaintiff's good faith in conjunction with the case's difficulty weigh in favor of denying costs to Defendant.[9]

### A. Good Faith

Defendant argues that Plaintiff's good faith is irrelevant to the Court's inquiry and that, even if it were, Plaintiff's claims were not reasonable or supported by evidence.[10] Plaintiff states that she brought this case in good faith because she had viable claims concerning damages she suffered.[11]

The Sixth Circuit permits the Court to consider "the good faith a losing party demonstrates in filing, prosecuting or defending an action."[12]

Here, Plaintiff had viable claims for willful and wanton misconduct, negligence, and nuisance after suffering significant injuries from slipping and falling in Defendant's property.

---

[7] *Singleton*, 241 F.3d at 539 (citing *White*, 786 F.2d at 732-33).
[8] *Lichter Found., Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959).
[9] The parties dispute whether their respective financial statuses are relevant to this inquiry. *See* Doc. 46 at 2; Doc. 47 at 2-3. Defendant's ability to pay is not relevant to the inquiry. *See White*, 786 F.2d at 730. Plaintiff has also not presented any evidence to satisfy her burden of demonstrating her inability to pay the costs, or her indigent status. *See Banks*, 611 F. App'x at 860. Nevertheless, as further explained, Plaintiff's good faith and the case's difficulty are enough to deny costs.
[10] Doc. 47 at 3.
[11] Doc. 46 at 2-3.
[12] *White*, 786 F.2d at 730.

Even though the Court ultimately rejected Plaintiff's claims, they were not so meritless as to indicate a lack of good faith on Plaintiff's part.

Moreover, even though Defendant spent time investigating Plaintiff's spoliation claim,[13] Plaintiff did drop the claim when it became clear that the evidence did not support it.[14] This effort is also indicative of her good faith.

The Court therefore finds that Plaintiff's good faith is a relevant factor in denying costs to Defendant.

### B. Closeness and Difficulty of the Case

Because Plaintiff's good faith alone is not enough to deny costs,[15] the Court also considers the case's closeness and difficulty.

Defendant argues that the case was not difficult or close since it was decided on summary judgment under clearly established law and based on Plaintiff's testimony.[16] Plaintiff argues that the case involved a close issue regarding implied invitation.[17]

"The closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case."[18]

Here, the case involved the close issue of whether Plaintiff Shaw had an implied invitation to visit the Defendant hotel such that Defendant owed her a duty of care.

Even though the case was ultimately resolved on summary judgment, the case was still close and difficult. Prior to the close of discovery, it was not clearly evident whether Plaintiff had

---

[13] *See* Doc. 47 at 3-4 n.14.
[14] *Compare* Doc. 1-5, *with* Doc. 10.
[15] *White*, 786 F.2d at 730.
[16] Doc. 47 at 3.
[17] Doc. 46 at 2.
[18] *White*, 786 F.2d at 732.

Case No. 1:17-cv-685
Gwin, J.

an implied invitation to visit the hotel. For the summary judgment briefing, the parties had to sift through and organize several depositions and versions of Defendant's visitor policies, as well as discern Ohio jurisprudence on premise liability.[19]

The case's close and difficult nature thus also weighs in favor of denying costs to Defendant.

## CONCLUSION

Therefore, the Court **DENIES** Defendant's motion for costs.

IT IS SO ORDERED

Dated: October 17, 2017            *s/  James S. Gwin*
                           JAMES S. GWIN
                           UNITED STATES DISTRICT JUDGE

---

[19] *See Aubin Indus., Inc. v. Smith*, No. 1:04-CV-681, 2009 WL 1674845, at *3 (S.D. Ohio June 15, 2009) (finding case close and difficult even though defendant prevailed on summary judgment); *Rosser v. Pipefitters Union Local 392,* 885 F. Supp. 1068, 1072 (S.D. Ohio 1995) (finding case close and difficult where "parties were required to recognize, sift through and organize relevant evidence and discerning the relevant facts and law of the case was difficult").